```
                    United States District Court
                       District of Connecticut
```

------------------------------x
                              :
ANDREW FINDLEY,               :
                              :
          Petitioner,         :
                              :     Civil No. 3:13CV462(AWT)
v.                            :
                              :
UNITED STATES OF AMERICA,     :
                              :
          Respondent.         :
                              :
------------------------------x

**<u>TRANSFER ORDER RE 28 U.S.C. § 2255 MOTION</u>**

Petitioner Andrew Findley, appearing pro se, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence challenging the application of the sentencing enhancement pursuant to 21 U.S.C. § 851. Because his motion is a successive one, this court has no jurisdiction and must transfer it, in the interest of justice, to the Court of Appeals for the Second Circuit pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and to 28 U.S.C. § 1631 without addressing the merits.

**I.   Relevant Background**

The petitioner was convicted after a trial, and he was sentenced in March 2000. The judgment became final on October 7, 2002 when the U.S. Supreme Court denied certiorari. The petitioner has previously filed three separate § 2255 motions

challenging his conviction. His first motion (3:97cr230, Doc. No. 173), filed October 6, 2003, argued that his trial counsel failed to conduct a proper investigation into possible defenses. His second motion (3:97cr230; Doc. No. 202), filed October 29, 2003, claimed that his trial counsel's representation was compromised by (1) a conflict of interest; (2) counsel's fraud upon the court; and (3) counsel's abandonment of Findley during the trial. His third motion (3:97cr230; Doc. No. 183), filed February 6, 2004, reiterated his ineffective assistance of counsel claims and sought an evidentiary hearing.

All three motions were denied on July 11, 2006 for failure to make a substantial showing of the denial of a constitutional right (3:97cr230; Doc. No. 216). The petitioner appealed that ruling, and the appeal was dismissed for failure to make a substantial showing of the denial of a constitutional right (3:97cr230; Doc. No. 231).

As the result of retroactive amendments to the Sentencing Guidelines, the petitioner's sentence was reduced to 292 months pursuant to 18 U.S.C. § 3582(c)(2) on October 6, 2008 (3:97cr230; Doc. No. 239). That order was appealed, and the appeal was dismissed because it lacked an arguable basis in law or fact (3:97cr230; Doc. No. 245). Again as a result of retroactive amendments to the Sentencing Guidelines,

petitioner's sentence was reduced to 240 months pursuant to 18 U.S.C. § 3582(c)(2) on July 3, 2012 (3:97cr230; Doc. No. 253).

## II. Discussion

The Court of Appeals must certify a successive habeas petition before a district court may hear it.  See 28 U.S.C. § 2255(h)(2014).  "A petition is second or successive if a prior petition 'raising claims regarding the same conviction or sentence [ ] has been decided on the merits.'" Quezada v. Smith, 624 F.3d 514, 517–18 (2d Cir. 2010)(quoting Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998)(holding that the district court should have transferred the successive § 2255 petition to the Court of Appeals rather than dismissing "the petition as time-barred, as an unauthorized successive petition, and as lacking merit.")).  "This remains true even if the latter petition purports to raise new claims." Corrao, 152 F.3d at 191 (citation omitted).  "'[R]eaching the merits of an uncertified second or successive § 2255 petition impermissibly circumvents the AEDPA's gatekeeping provisions.'" Torres v Senkowski, 316 F.3d 147, 151-52 (2d Cir. 2003)(citing Corrao, 152 F.3d at 191).  "[T]he district court must transfer uncertified successive motions . . . pursuant to 28 U.S.C. § 1631 . . . to cure want of jurisdiction." Torres, 316 F.3d at 151-52 (citing Liriano v. United States, 95 F.3d 119, 121-23 (2d Cir. 1996)(per curiam)).

It is undisputed that prior to the filing of the instant habeas petition, there was a ruling on the merits of three prior habeas petitions.  The petitioner cites Magwood v. Patterson, 561 U.S. 320 (2010), for the proposition that the two 18 U.S.C. § 3582(c)(2) sentence reductions after the first three petitions and prior to the instant one resulted in a "new" judgment and eliminated the need for authorization of a successive petition.

Magwood involved a federal district court's conditional habeas writ ordering the state court to release or resentence a petitioner due to the failure to find statutory mitigating circumstances with respect to his mental state.  See Magwood, 561 U.S. at 326.  The Supreme Court held that the resentencing resulted in a new judgment and any subsequent habeas petition challenging that judgment would not be considered a "second or successive application" under 28 U.S.C. § 2244(b) if the new judgment was issued in the interval between habeas petitions. Magwood, 561 U.S. at 331.  Johnson v. United States, 623 F.3d 41, 45 (2d Cir. 2010), confirmed that Magwood applies to federal prisoners' motions for collateral relief under 28 U.S.C. § 2255.

Unlike Magwood, which involved "a complete and new assessment of all of the evidence, arguments of counsel, and law", Magwood, 561 U.S. at 326, this case involves a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) as the result of retroactive amendments to the Sentencing Guidelines.  Sentence

4

reduction "proceedings under 18 U.S.C. 3582(c)(2) . . . do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3)(March 11, 2015). In fact, the proceedings are strictly limited to the application of the amendments listed and nothing else. See U.S.S.G. § 1B1.10(b)(1)(March 11, 2015)("the court shall substitute only the amendments listed . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline applications decisions unaffected"). In a sentence reduction proceeding resulting from Sentencing Guidelines amendments, the court simply amends the judgment; the court does not resentence nor issue a "new" judgment. See United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007)("When a § 3582 motion requests the type of relief that § 3582 provides for--that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing--then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582.").

   The instant motion is the fourth habeas petition filed by the petitioner. The court finds that the first three habeas petitions were decided on the merits; the instant motion is an uncertified, successive habeas petition; it raises claims regarding the original judgment of conviction; and it is not based on a new, intervening judgment. Thus, this court has no

5

jurisdiction to rule on the merits of the petitioner's claims in the absence of a certification by the Court of Appeals. Accordingly, the instant petition must be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631, in the interest of justice, for a determination of whether it may be heard by this court.

### III. Conclusion

For the reasons set forth above, the Clerk is directed to transmit this order and the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1) to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

The Clerk shall close this case.

It is so ordered.

Signed this 14th day of October 2015 at Hartford, Connecticut.

                                                _____/s/AWT_____
                                                      Alvin W. Thompson
                                        United States District Judge